# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

Thomas Dennis, Jr., individually and on behalf of all others similarly situated,

    Plaintiff,

v.       No. 1:18-cv-339

Niagara Credit Solutions, Inc., a New York corporation, and LVNV Funding, LLC, a Delaware limited liability company,

    Defendants.       <u>Jury Demanded</u>

## COMPLAINT – CLASS ACTION

Plaintiff, Thomas Dennis, Jr., individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Thomas Dennis, Jr. ("Dennis"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect

a defaulted consumer debt, which was owed to Washington Mutual Bank.

4.     Defendant, Niagara Credit Solutions, Inc. ("Niagara"), is a New York corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Niagara operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Niagara was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.  Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.     Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.     Defendants Niagara and LVNV are both authorized to conduct business in Indiana, and maintain registered agents here, <u>see</u>, record from the Indiana Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, Defendants conduct business in Indiana.

8. Defendants Niagara and LVNV are each licensed as debt collection agencies in the State of Indiana, see, NMLS Consumer Access, attached as Group Exhibit B. In fact, Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Mr. Dennis fell behind on paying his bills, including a debt he allegedly owed for an account with Washington Mutual Bank. Sometime thereafter, that debt went into default. Defendant Niagara sent Mr. Dennis an initial form collection letter, dated September 18, 2017, which stated that the "Original Creditor" was "WASHINGTON MUTUAL BANK, N", that the "Current Creditor" was "LVNV FUNDING, LLC", and further twice stated that "Our client has authorized us…" to make various settlement offers, but did not say who its client was – Washington Mutual or LVNV Funding. A copy of Defendants' letter is attached as Exhibit C.

10. Additionally, Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor and which "creditor" it was representing, or whether it was representing both. Thus, Defendants letter failed to state effectively the name of the creditor to whom the debt is owed.

11. Plaintiff is informed through counsel that Defendant LVNV likely bought the debt at issue after default and directed Defendant Niagara to send the letter at issue.

12. A simple statement LVNV was Niagara's client and/or that LVNV was the creditor to whom the debt was then owed, would have sufficed to identify effectively the name of creditor to whom the debt was owed.

13. Violations of the FDCPA which would lead a consumer to alter his or her

course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

16. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Dennis with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

17. Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079

(N.D. Ill. 2012); <u>Braatz v. Leading Edge Recovery Solutions</u>, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

18. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

19. Plaintiff, Thomas Dennis, Jr., brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Washington Mutual account, via the same form collection letter (Exhibit <u>C</u>), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Dennis, in their attempts to collect defaulted consumer debts from other consumers.

21. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Dennis.

22. Plaintiff Dennis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Dennis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Dennis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Thomas Dennis, Jr., individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Dennis as Class Representative of the Class, and him attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Dennis and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

      5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thomas Dennis, Jr., individually and on behalf of all others similarly situated, demands trial by jury.

                                              Thomas Dennis, Jr., individually and
                                              on behalf of all others similarly situated,

                                              By: /s/ David J. Philipps
                                              One of Plaintiff's Attorneys

Dated:  February 5, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com