UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS DENNIS, JR. individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:18-cv-00339-RLY-MPB |
| NIAGARA CREDIT SOLUTIONS, INC. and LVNV FUNDING, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS**

The Fair Debt Collection Practices Act obligates debt collectors to include certain disclosures in their initial collection letters.  One of these disclosures is the name of the creditor to whom the debt is owed.  Niagara Credit Solutions, Inc. sent Thomas Dennis, Jr. a collection letter that identified LVNV Funding, LLC as the "current creditor" but did not explicitly identify the relationship between Niagara and LVNV Funding.  Dennis Jr. sued arguing that the letter violated the FDCPA's disclosure provision and moved for class certification.  Niagara and LVNV Funding (collectively "Defendants") now move for judgment on the pleadings.  For the reasons stated below, the court **GRANTS** Defendants' motion.

## I.   Background

Dennis Jr. fell on hard times.  (Filing No. 1, Complaint ¶ 9).  After failing to pay some of his bills, he received a debt collection letter from Niagara on September 18,

1

2017. (*Id.*). The letter explained that his account had been placed with Niagara and

offered Dennis Jr. two payment options:



**PLEASE SUBMIT PAYMENT TO:**
Niagara Credit Solutions, Inc.
1212 Abbott Rd, Suite D
Lackawanna, NY 14218

| Niagara Account # | Original Creditor | Current Balance |
|---|---|---|
| | WASHINGTON MUTUAL BANK, N | $5209.49 |
| Date | Current Creditor | Account Number |
| 09-18-17 | LVNV FUNDING, LLC | XXXXX4470 |
| Principal Balance | | Interest Balance | Misc Balance |
| $3904.54 | | $1304.95 | $0.00 |

Welcome to Niagara Credit Solutions, Inc. We are here to help. Your account was placed with our collection agency on 09-14-17. In an effort to assist you, we would like to extend the following offers.

- Offer #1. Our client has authorized us to offer you a convenient minimum monthly payment plan of $25.00 a month towards the balance. The first payment is due in our office on or before 11-02-17. If this amount does not meet your budget we may be able to lower the monthly payment amount or change the re-payment terms.

- Offer #2. Our client has authorized us to offer you a settlement in full on the above mentioned account by agreeing accept less than the full balance due to pay-off the account. Upon clearance of sufficient funds, this settlement will satisfy the debt in full saving you money. To accept this settlement offer, we must receive a one-time settlement payment of $2604.74 in our office no later than 11-02-17. Failure to meet the settlement terms as listed above may result in the settlement offer being revoked. We are not obligated to renew this offer.

(Filing No. 1-3, Collection Letter). The letter clearly identifies Washington Mutual

Bank, N as the "Original Creditor" and "LVNV Funding, LLC" as the "Current

Creditor." (*Id.*). The letter also explains that Niagara's "Client" has authorized certain

payment options. (*Id.*). However, the letter does not explain who the "client" is—

Washington Mutual or LVNV Funding. (*Id.*). This omission led to the present lawsuit.

## II.    Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards that govern dismissal of a complaint for failure to state a claim under Rule 12(b)(6).  *Armada (Singapore) PTE Ltd. v. Amcol International Corp.*, 885 F.3d 1090, 1092 (7th Cir. 2018) (citations omitted).  The essential question is whether the plaintiff has stated a plausible claim for relief.  *Sinn v. Lemmon*, 911 F.3d 412, 418 (7th Cir. 2018) (citation omitted).

## III.   Discussion

Defendants argue that their collection letter does not violate the FDCPA because the letter clearly lists LVNV as the "current creditor," and that satisfies the disclosure requirement of naming "the creditor to whom the debt is owed."  *See* 15 U.S.C. § 1692g(a)(2).  Dennis Jr. argues that the letter failed to clearly state the name of the creditor because the letter refers to a "client" but does not explain whether the client is the "current creditor" (LVNV) or the "original creditor" (Washington Mutual).  As a result, the consumer is left to guess the current creditor's identity.

Congress enacted the FDCPA to curb abusive collection practices.  *See* 15 U.S.C. § 1692; *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320 (7th Cir. 2016); *see also Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000).  The FDCPA requires, among other things, that the debt collector identify the "name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).  A debt collector violates § 1692g(a)(2) if the collection letter does not clearly and accurately identify the current creditor.  *Janetos*, 825 F.3d at 325.

3

When determining whether a collection letter violates § 1692g(a)(2), a court must ask whether the letter would be confusing to an "unsophisticated consumer." *Zuniga v. Asset Recovery Solutions*, No. 17-cv-05119, 2018 WL 1519162, at *3 (N.D. Ill. Mar. 28, 2018) (citing *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017)); *see also Janetos*, 825 F.3d at 321 – 22.  Although "'uninformed, naïve, and trusting'", the unsophisticated consumer still "'possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences.'" *Pantoja*, 852 F.3d at 686 (quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (internal quotations and alterations removed)).  More bluntly, the unsophisticated consumer is not a "dimwit." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *see also Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509, 513 (7th Cir. 2004) (noting the unsophisticated consumer does not interpret collection letters in a bizarre or idiosyncratic fashion) (quotations and citations omitted).

The question of whether a letter is confusing to an unsophisticated consumer is ordinarily a question of fact. *Pantoja*, 852 F.3d at 686.  The Seventh Circuit has cautioned district courts to "tread carefully" when deciding the issue as a matter of law. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (citation omitted).  That said, dismissal as a matter of law is appropriate where the letter would not confuse "a significant fraction of the population." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (internal quotations and citation omitted).  In these cases, a court may dismiss the case on the pleadings because the plaintiff has not plausibly

4

alleged a violation of § 1692g as matter of law.  *See id.* at 576 (affirming dismissal of case on the pleadings); *Olson*, 366 F.3d at 513 (holding debt collector letter sufficiently stated the amount of debt as a matter of law under § 1692g(a)(1)); *Zuniga*, 2018 WL 1519162, at *4 (dismissing complaint for failure to state a violation of § 1692g(a)(2)); *see also Leonard v. Zwicker & Associates, P.C.*, 713 F. App'x 879, 882 (11th Cir. 2017) (noting the question of confusion is often one for the jury, but the question of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g  is a legal question for the court).

Defendant's collection letter sufficiently states the name of the creditor to whom the debt is owned.  The letter clearly identifies the "Current Creditor" as LVNV Funding.  Although the letter identifies the "Original Creditor" as Washington Mutual, even an unsophisticated consumer would understand that the current creditor is the one "to whom the debt is owed."  *See* § 1692g(a)(2); *Zuniga*, 2018 WL 1519162, at *4 ("It is unlikely that a significant fraction of even the most unsophisticated consumers, possessing reasonable intelligence . . . would fail to understand the difference between "original" and "current," or fail to understand that the "current" creditor is the creditor to whom the debt is currently owed.") (internal citation and quotations omitted); *see also Dokes v. LTD Financial Services, L.P.*, 328 F.Supp.3d 1270, 1278 (N.D. Ala. 2018) (holding debt collection letter did not violate § 1692g(a)(2) because it clearly identified the current creditor and the original creditor and the least sophisticated consumer would be able to determine that the current creditor is the one to whom the debt is owed).  This conclusion is buttressed by the fact that Congress, itself, used the terms "original creditor" and

"current creditor" to differentiate between the two.  *See* § 1692g(a)(5); *see also Dokes*, 328 F.Supp.3d at 1280.

From this, it naturally follows that the term "client" used in the two paragraphs addressing the *payment of the balance* refers to the "current creditor" because the "current creditor" is the one to whom debt is owed.  That is the only reasonable inference to be drawn from the letter, and any other reading would be a strained, idiosyncratic interpretation.  *Olson*, 366 F.3d at 513.  Sure, things would have been crystal clear had the letter included a simple statement "that LVNV was Niagara's client"—which Dennis Jr. admits would have derailed his case.  (Complaint ¶ 12 ("A simple statement LVNV was Niagara's client and/or that LVNV was the creditor to whom the debt was then owed, would have sufficed to identify effectively the name of the creditor to whom the debt was owed.")).  But such precision is not necessary considering the proper standard is an unsophisticated consumer—not the least sophisticated one.  *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007) (noting an unsophisticated consumer has an obligation to make basic logical deductions and inferences) (citation omitted); *see also Chuway v. National Action Financial Servs. Inc.*, 362 F.3d 944, 948 (7th Cir. 2004) ("It is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of the persons to whom it is directed will the defendant be liable.").  Accordingly, the only reasonable inference a consumer could make when reading the letter is that "client" refers to LVNV, not Washington Mutual.

6

Dennis Jr. likens this case to others that have gone the opposite way, but the court thinks otherwise. He argues the Seventh Circuit's decision in *Janetos* controls the outcome here. However, the letter in *Janetos* never clearly identified the current creditor. That is the main reason why the letter violated § 1692g(a)(2). *Janetos*, 825 F.3d at 319 ("Nowhere in the letters did [the collection firm] explicitly identify Asset Acceptance as the current creditor."); *id.* at 320 ("Nowhere did [the letters] say who currently owned the debt."); *id.* at 321 ("Nowhere did the letter say that Asset Acceptance currently owned the debts in question."). Unlike in *Janetos*, the letter here does not require any guesswork to identify the current creditor. Dennis Jr. also argues that *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F.Supp.3d 773 (S.D. Ind. 2016) and *Pardo v. Allied Interstate, LLC*, No. 1:14–cv–01104–SEB–DML, 2015 WL 5607646 (S.D. Ind. Sep. 21, 2015) strongly suggest the outcome. But those cases differ materially: the letter in *Long* never identified a current creditor, and in *Pardo*, the collection agency identified LVNV as the current creditor but then referred to a completely separate entity as the "client." *Long*, 223 F.Supp.3d at 775; *Pardo*, 2015 WL 5607646, at *1. No such potential for confusion exists here.

## IV.   Conclusion

For the reasons stated above, the court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Filing No. 28). Resultingly, Dennis Jr.'s Motion to Certify Class is **DENIED AS MOOT** (Filing No. 35).

Final Judgment will enter by separate order.


**SO ORDERED** this 12th day of March 2019

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana




Distributed Electronically to Registered Counsel of Record.

8